# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:04-cr-0474-RLH-RJJ |
| vs. | ) | **O R D E R** |
| JOSE ANTONIO GARCIA, | ) | (Motion for Modification And/Or Clarification–#86) |
| Defendant. | ) | |

  Before the Court is Defendant's **Motion for Modification And/Or Clarification** (#88, filed August 25, 2006). Because the motion is directed to the Court, no response from the United States is necessary or desirable and the Court will address the motion immediately.

  Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

  Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when

it presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Defendant filed a motion for leave to file pre-trial motions and a *third* motion to suppress.  The court denied both motions (see docket #83).  The motion to suppress was denied as "untimely, unauthorized and without merit."  Defendant asks the Court to explain itself.  He wants to know, since there was no hearing, what factual determinations the Court made and what the Court means by "a day of reckoning."  Defendant's counsel jumps to unwarranted conclusions, but the Court will humor Defendant's request to enable him to have confidence that the Court carefully considered his motions and has certainly not made any determinations regarding his guilt or innocence.

The Court denied Defendant's motion for leave to file (more) pre-trial motions. Accordingly, the motion to suppress, while filed, was untimely and unauthorized.  That was the primary basis for its denial and had nothing to do with making factual findings.  However, notwithstanding Defendant's belief that the affidavits presented led to a certain logical conclusion, the belief is misplaced.  The affidavits (as the Court explained in its previous Order) merely stated that the vehicle had been sold twice and that none of those presenting affidavits had fixed the tail light that the officer claimed was the reason he made the traffic stop.  The officer said he pulled the car over because a tail light was not illuminated.  The affidavits said that 14 months later, after two sales and no evidence that the affiants had made repairs, the tail lights were properly illuminated.  For the purposes of considering the motion, the Court assumed that all were accurate, but that the affidavits did not adequately contradict the officer's contention that on the day (or night) in question (14 months previously), that it was not functioning.  Thus the Court did not have to *find*

1  any facts to conclude that not only was the motion untimely and unauthorized, but that it was also
2  without merit.
3        Contrary to Defendant's counsel's assumption, the "day of reckoning" for the
4  Defendant is not the day he faces punishment.  It is the day he faces a reckoning of the charge
5  against him, *i.e.*, trial, and the determination of whether the charge is legitimate.  The Court has
6  made no determinations of what the jury will find.  It does not even know what the evidence will,
7  or will not, be.  The Defendant may rest assured that the Court is and will remain neutral until the
8  evidence is in and the jury renders it judgment, and it has no reservation about accepting that
9  judgment, whatever it may be.
10        IT IS THEREFORE ORDERED that Defendant's **Motion for Modification**
11  **And/Or Clarification** (#88) is granted to the extent that the Court has attempted to clarify its
12  previous order, but denied in all other respects.
13        Dated: August 28, 2006.

                                  _____
                                  **ROGER L. HUNT**
                                  **United States District Judge**